## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

KIMELYN A. MINNIFIELD,          )
                                     ) CIVIL ACTION FILE NO.
                  Plaintiff,     ) 1:21-CV-00801-TWT-JKL
                                     )
v.                                      )
                                     )
                                     )
WELLS FARGO BANK, N.A.,        )
as Trustee for the Pooling and Servicing  )
Agreement dated as of May 1, 2005 Asset Backed )
Pass-Through Certificates, Series 2005-WHQ3, )
PHH MORTGAGE CORPORATION,    )
ALDRIDGE PITE LLP, and OCWEN LOAN )
SERVICING, INC.                    )
                 Defendants.    )
_____)

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND

## DAMAGES

**COMES NOW**, KIMELYN MINNIFIELD, Plaintiff in the above-styled action, pursuant to Fed. R. Civ. P. 15 and files this, her AMENDED COMPLAINT for DECLARATORY JUDGMENT and DAMAGES and shows this Court the following:

# I. <u>PARTIES</u>

1.

Defendant WELLS FARGO BANK, N.A. (hereinafter "Defendant Wells Fargo") is a foreign corporation duly organized under the laws of the State of California. Defendant Wells Fargo is sued in its capacity as Trustee for the Pooling and Servicing Agreement dated as of May 1, 2005 Asset Backed Pass–Through Certificates Series 2005-WHQ3. Defendant Wells Fargo has a principal office at 101 N. Phillips Avenue, Sioux Falls, South Dakota 57104. Defendant Wells Fargo maintains a registered office in the State of Georgia at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092, and Corporation Service Company is the registered agent located at said address. Defendant Wells Fargo may be served with Summons and Complaint at this address.

2.

Defendant PHH Mortgage Corporation (hereinafter "Defendant PHH") is a foreign corporation duly organized under the laws of the State of New Jersey. Defendant PHH maintains a registered office in the State of Georgia at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092. Corporation Service Company is the registered agent located at said address. Defendant PHH may be served with Summons and Complaint at this address.

3.

Defendant Ocwen Loan Servicing, Inc. (hereinafter "Defendant Ocwen") is a foreign corporation duly organized under the laws of the State of Delaware. Defendant Ocwen maintains a registered office in the State of Georgia at 40 Technology Parkway South, Suite 300, Norcross, Gwinnett County, Georgia 30092. Corporation Service Company is the registered agent located at said address. Defendant Ocwen may be served with Summons and Complaint at this address.

4.

Defendant Aldridge Pite LLP, (hereafter "Defendant Aldridge Pite"), is a limited liability partnership duly organized under the laws of the State of Georgia with principal offices located at Fifteen Piedmont Center, 3575 Piedmont Road, NE Suite 500, Atlanta, Georgia 30305. Defendant Aldridge Pite may be served by serving Summons and Complaint upon John G. Aldridge, Jr. at said address.

5.

Kimelyn Minnifield, (hereafter "Plaintiff") is the record titleholder of the property identified as 260 Legends Trace, McDonough, GA 30253, (hereafter referred to as the "subject property").

## II. <u>JURISDICTION & VENUE</u>

6.

This Court has original jurisdiction over federal claims pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over supplemental state claims pursuant to 28 U.S.C. §1367.

7.

Venue is proper in the Northern District of Georgia under 28 U.S.C. §§ 1391 (b) and (c).

## III. <u>RELEVANT FACTS</u>

8.

In 2005 Plaintiff obtained a loan from Argent Mortgage Company and granted Argent a security interest in the property identified as 260 Legends Trace, McDonough, GA 30253.

9.

In 2007 the mortgage went into default. Defendant Wells Fargo obtained an interest in the property by assignment after the default event. (See Exhibit A) Per the initial assignment filed, Wells Fargo's recorded its interest in the property on August 28, 2009. Said assignment was filed in the Henry County Superior Court Clerk's office on September 14, 2009. (See Exhibit A)

10.

In 2009 Wells Fargo accelerated the mortgage and commenced non-judicial foreclosure proceedings. (See Exhibit B) Plaintiff has not sought to modify the loan or reinstate the mortgage since the default that precipitated the acceleration of mortgage in 2009.

11.

In the intervening years there has been litigation between the Plaintiff and Defendants Ocwen and Wells Fargo regarding assignments of title to the property.

12.

Defendant Wells Fargo now seeks to foreclose on the subject property by non-judicial foreclosure. A sale was scheduled on March 2, 2021. To facilitate the non-judicial foreclosure, Wells Fargo enlisted the services of the law firm Aldridge Pite, LLP.

13.

Defendant PHH is a loan servicer and presently services the subject loan.

14.

Prior to Defendant PHH, Defendant Ocwen serviced the loan.

15.

Defendant Ocwen purchased Defendant PHH, around or about, October 2018. Defendant PHH is now a subsidiary of Defendant Ocwen and has taken over Ocwen's former loan servicing duties.

16.

In late January Defendant Aldridge Pite sent correspondence to the Plaintiff informing Plaintiff that she owed a debt in the amount of eight hundred thirty-six thousand, eight hundred eighty-six dollars and 91/100 ($836,886.91). Said amount appears to include payments, late charges, inspection fees and other charges through 2021. The principal loan amount was three hundred seventy-two thousand dollars and 00/100 ($372,000.00). The loan was accelerated in 2009.

17.

Within thirty days of receipt of the correspondence from Defendant Aldridge Pite, Plaintiff requested that Aldridge Pite validate the debt. As of the filing of this Complaint, Plaintiff has not received validation of the debt from Aldridge Pite. Aldridge Pite also sent notice informing the Plaintiff of the acceleration of the debt and notice of foreclosure proceedings for a March 2, 2021 sale date.

18.

Defendant Wells Fargo accelerated the loan in 2009. At that time Defendant Wells Fargo took the affirmative position that the entire loan was due. By accelerating the loan, Defendant Wells Fargo relinquished the contractual right to future mortgage payments and future interest beyond the date of acceleration. (See Exhibit B)

19.

Any amount allegedly owed by the Plaintiff must be calculated from the date that Defendant Wells Fargo initially accelerated the loan; that date being in 2009.

20.

The Defendants have utilized a fraudulent acceleration date to calculate what they allege the Plaintiff owes to Defendant Wells Fargo. All Defendants directly, or through their respective agents have sent correspondence to the Plaintiff making said fraudulent representations.

21.

In addition to the date of acceleration being fraudulently represented by Defendants, the underlying note is time barred by the applicable statute of limitation. Where said note is time barred, Defendant Wells Fargo only has an alleged interest in the property.

22.

Defendants Wells Fargo, Ocwen and PHH illegally added multiple payments, interest, fees and expenses to the account, post acceleration of the debt in 2009.

23.

Defendants Wells Fargo, Ocwen and PHH added fraudulent charges to the Plaintiff's account, including but not limited to, a property preservation maintenance fee of four hundred ninety-five dollars ($495.00) and a single publication fee of one thousand eighty-one dollars ($1,081.00). Plaintiff contests if actual services were performed for multiple charges that appear on the account. (See Exhibit C)

24.

Defendants added charges for multiple property inspections, which upon information and belief, did not occur. The subject property is within a gated community, only accessible by permission of the residents or other pre-authorized entry.

25.

Defendant Wells Fargo, through its agents, intentionally misrepresented the date of acceleration and sought to use that misrepresentation to charge the Plaintiff hundreds of thousands of dollars in unwarranted payments, interest, and fees, to which Wells Fargo was not entitled.

26.

Defendant PHH intentionally misrepresented the date of acceleration and sought to use that misrepresentation to charge the Plaintiff hundreds of thousands of dollars in unwarranted payments, interest, and fees on behalf of Wells Fargo. Defendant PHH fraudulently placed the loan into forbearance without the permission or request of the Plaintiff to "revive" the debt.

27.

Defendant Ocwen supports Defendant PHH's intentional misrepresentation of the date of acceleration and the fraudulent charges, fees, and interest allegedly owed by Plaintiff, as many charges pre-date Defendant PHH's servicing of the subject loan.

28.

Defendant Aldridge Pite, at the request of Defendant PHH, intentionally misrepresented the amount of the alleged debt and intentionally misrepresented the acceleration date. Further, Defendant Aldridge Pite misrepresented the nature and character of the debt owed to Wells Fargo and sent the Plaintiff documents which contain fraudulent and inaccurate information. Defendant Aldridge Pite was aware that the loan was accelerated in 2009 and aware that the statute of limitation had ran on the underlying debt.

29.

The Defendants, collectively, have mispresented the nature and character of the debt allegedly owed to Defendant Wells Fargo and seek to improperly use the non-judicial foreclosure process to charge illegal fees and payments that the Plaintiff does not owe Defendant Wells Fargo.

30.

The Defendants, collectively, colluded to improperly use the non-judicial foreclosure process to charge illegal fees and payments that the Plaintiff does not owe to Defendant Wells Fargo.

31.

The note and the security interest are separate and distinct. All Defendants have knowledge that collection of the note signed at the time that Argent was given a security interest in the property, is now barred by the applicable statute of limitation.

32.

The Defendants, collectively, colluded to induce the Plaintiff to believe Plaintiff owed Defendant Wells Fargo over eight hundred thousand dollars. Defendants collectively colluded to induce Plaintiff to believe that Defendants had a right to collect the subject note. Defendants collectively engaged in racketeering activity.

10

33.

The security agreement does not authorize the acceleration of the debt multiple times, based upon the same default event.

34.

Defendant Wells Fargo is a debt collector as defined by 15 U.S.C. § 1692a (6) where it obtained its interest in the property after the subject loan was in default.

35.

Defendant Ocwen is a debt collector as defined by 15 U.S.C. § 1692a (6).

36.

Defendant PHH is a debt collector as defined by 15 U.S.C. § 1692a (6).

37.

Defendant Aldridge Pite is a debt collector as defined by 15 U.S.C. § 1692a (6).

## IV.    ALLEGATIONS AGAINST DEFENDANT WELLS FARGO

38.

Defendant Wells Fargo received its interest in the subject mortgage by assignment.   At the time of the assignment, the subject loan was in default. Therefore, Defendant Wells Fargo is a debt collector as defined by 15 U.S.C. § 1692a (6), where it obtained an interest in the property after the loan was in default.

39.

The subject loan was accelerated in 2009. Therefore, Defendant Wells Fargo is time barred from collecting any amounts under the note, because the applicable statute of limitation has run on the underlying debt. Defendant Wells Fargo knowingly and intentionally misrepresented that it was owed a debt, and that it could sell the subject property to satisfy the debt.

40.

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Defendant Wells Fargo used false, deceptive, and misleading representations in the collection of an alleged debt, when through its agents, it represented it was owed money under a note, barred by the statute of limitation.  As such, Defendant Wells Fargo violated 15 U.S.C.  1692e.

41.

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including but not limited to, the collection of any amount, including any interest, fee, charge, or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Defendant Wells Fargo, through its agents, sought to collect

amounts not authorized by the security agreement when it attempted to collect payments and interest after the date of acceleration.

42.

Upon information and belief Defendant Wells Fargo placed the subject loan into forbearance without the request or consent of the Plaintiff. Plaintiff has not sought to cure the initial default that precipitated acceleration of the mortgage in 2009. Defendant Wells Fargo, through its agents, used a fraudulent Covid-19 relief modification and /or forbearance, as a basis to access fees, charges, and payments, to the account, done to give the appearance of activity on the account and "revive" the debt.

43.

Defendant Wells Fargo, through its agents, billed payments and interest to the account post acceleration of the mortgage in 2009.

44.

Defendant Wells Fargo through its agents, billed excessive fees to the mortgage account for unnecessary and redundant services, and for services that were not performed, including but not limited to, property preservation and maintenance fees, property inspection fees, title search fees and appraisal fees. Said charges span multiple years.

45.

Defendant Wells Fargo has utilized unfair and unconscionable means to collect a debt in violation of 15 U.S.C. 1692f.

46.

Defendant Wells Fargo used misleading and deceptive means in the collection of a debt in violation of 15 U.S.C. 1692e.

47.

Defendant Wells Fargo wrongfully exercised the power of sale by attempting to collect an underlying debt, where no debt was owed by the Plaintiff, in violation of O.C.G.A.§ 23-2-114. Therefore, Defendant Wells Fargo, to the extent that it carries out the sale of the property has committed wrongful foreclosure.

48.

Defendant Wells Fargo has intentionally caused the Plaintiff emotional distress by representing that the Plaintiff owed a debt it had no right to collect.

49.

Defendant Wells Fargo has deprived the Plaintiff of the right to utilize other means to dispose of the property in lieu of foreclosure.

50.

Plaintiff has been damaged by the actions of Defendant Wells Fargo.

51.

Defendant Wells Fargo knowingly allowed its agents to bill the mortgage account for payments, late fees, and interest on multiple occasions after the acceleration of the loan in 2009.

52.

Defendant Wells Fargo allowed its agents to accelerate the loan multiple times, charge unwarranted payments, assess interest, charge for services that were not performed, and over charge for services that were performed.

53.

Defendant Wells Fargo, Defendant Ocwen and Defendant PHH engaged in a pattern of racketeering activity which exceeds five years.   From 2016 to 2020 Defendants charged the account more than 48 times, not inclusive of payments and interest. Said charges include a charge of over one thousand dollars for a single "publication fee." Defendants also charged the account maintenance preservation fees, where no maintenance preservation was performed. Said activity evidences a pattern of racketeering activity. Defendant Aldridge Pite joined in the scheme in the most recent foreclosure attempt. Thus, Defendants have violated O.C.G.A. §16-14-4.

54.

Prior to the running of the statute of limitations on the note, Defendant Wells Fargo's false representations deprived the Plaintiff of the right to sell the property, where the sale of the property would have commanded an amount sufficient to satisfy the alleged debt based upon an acceleration date that occurred in 2009.

55.

Plaintiff has been damaged by the racketeering activities of the Defendants.

## V. ALLEGATIONS AGAINST PHH MORTGAGE CORPORATION

56.

PHH is a "debt collector" as defined by 15 U.S.C. § 1692a (6) as PHH began servicing the subject loan when the loan was in default.

57.

The Loan is a "debt" as that term is defined by the FDCPA, as the underlying debt sought to be collected by PHH is a residential mortgage, the primary purpose of which was for personal, family, or household use.

58.

Defendant PHH fraudulently attempted to collect a note that was time barred. Defendant Wells Fargo accelerated the note in 2009. Defendant PHH was time barred from collecting any amounts under the note, because the applicable statute of limitation had run on the underlying debt. Despite the running of the statute of

limitations, Defendant PHH continued to falsely assert that a debt was owed as evidenced by payment notices to the Plaintiff.

59.

Defendant PHH falsely maintained that the Plaintiff owed mortgage payments for dates after the date of acceleration of the mortgage. If the debt were not barred by the statute of limitation, Plaintiff would only owe principal and interest through the date of acceleration in 2009.

60.

Plaintiff PHH used unconscionable means to collect the alleged debt. As such, Defendant PHH has violated 15 U.S.C. § 1692f.

61.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Defendant PHH used false, deceptive, and misleading representations and means in the collection of a debt, when it represented that Defendant Wells Fargo was owed money under a Note that was time barred.  Defendant PHH used false, deceptive, and misleading representations and means in the collection of a debt, when it accelerated the loan multiple times despite the loan having been accelerated in 2009. As such, Defendant PHH violated 15 U.S.C. §1692e.

62.

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including but not limited to, the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Defendant PHH seeks to collect amounts not authorized by the security agreement. As such Defendant PHH has violated 15 USC §1692f.

63.

Defendant PHH placed the subject loan into a forbearance without the request or consent of the Plaintiff. Plaintiff did not seek a modification or forbearance. Defendant PHH, used the fraudulent forbearance as a basis to access fees, charges and payments to the account, by giving the appearance of activity on the account that would allow a subsequent default event.

64.

Defendant PHH fraudulently added fees to the loan by placing the loan in forbearance. Plaintiff never applied for forbearance and never demonstrated that, in any way, she desired to reinstate the mortgage after acceleration. Plaintiff engaged in no activity that could be deemed to have "revived the debt."

65.

Defendant PHH billed excessive and unnecessary fees to the mortgage account. Defendant PHH ordered multiple, unnecessary property inspections, and charged late fees and penalties to the account.

66.

Defendant PHH engaged in an unfair and unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

67.

Defendant PHH used misleading and deceptive means in the collection of a debt in violation of 15 U.S.C.  §1692e.

68.

Defendant PHH is a mortgage servicer. Defendant PHH failed to have adequate procedures in place to ensure that it provided accurate information on the mortgage account, in violation of 12 CFR 1024. Defendant PHH provided inaccurate and fraudulent information regarding the mortgage account to the Plaintiff.

69.

Defendant PHH has engaged in unfair and deceptive business practices.

70.

Defendant PHH engaged in fraud at the direction of Defendants Ocwen and Wells Fargo.

71.

Defendant PHH, with the other co-defendants, have engaged in acts of racketeering in violation of O.C.G.A. §16-14-4.

72.

Defendant PHH has intentionally caused the Plaintiff emotional distress.

## VI. ALLEGATIONS AGAINST OCWEN LOAN SERVICING

73.

Defendant Ocwen is a mortgage loan servicer and serviced the subject loan prior to Defendant PHH.

74.

Defendant Ocwen is a "debt collector" as defined by 15 U.S.C. § 1692a (6) as Ocwen began collecting and servicing the Loan when the Loan was in default.

75.

The Loan is a "debt" as that term is defined by the FDCPA as the underlying debt sought to be collected by Ocwen was a residential mortgage the primary purpose of which was for personal, family, or household use.

76.

Around October 2018, Defendant Ocwen purchased PHH Mortgage Corporation. Defendant Ocwen supplied Defendant PHH with the history of the

subject loan. When Defendant Ocwen serviced the account, Ocwen billed for excessive and unnecessary services. Defendant Ocwen also billed payments post acceleration of the loan.

77.

Defendant Ocwen failed to maintain accurate records regarding the mortgage account. Defendant Ocwen provided PHH with fraudulent information regarding the mortgage account.

78.

Defendant PHH is the agent of Defendant Ocwen.

79.

Defendant Ocwen knowingly supplied fraudulent information to Defendant PHH.

80.

Defendant Ocwen, with other co-defendants engaged in acts in violation of O.C.G.A. §16-14-4, where it colluded with other defendants to add fraudulent charges to the mortgage account.

81.

Defendant Ocwen has engaged in unfair business practices.

82.

The Plaintiff has sustained damages because of the actions of Defendant Ocwen.

## VII. ALLEGATIONS AGAINST ALDRIDGE PITE LLP

83.

Defendant Aldridge Pite is a "debt collector" as defined by 15 U.S.C. § 1692a (6). Aldridge Pite does not fall into the exception of only engaging in the enforcement of security interests because Aldridge Pite routinely engages in the collection of consumer debt under the name of Aldridge Pite Haan LLP.

84.

Defendant Aldridge Pite is a law firm.

85.

Defendant Aldridge Pite is well versed in Georgia law, including the applicable statute of limitations regarding debt collection.

86.

Defendant Aldridge Pite knowingly sought to collect on a note time barred by the statute of limitations.

87.

Defendant Aldridge Pite was aware that the loan was accelerated in 2009 and knowingly sent Plaintiff correspondence which contained fraudulent information.

22

88.

Defendant Aldridge Pite, at the request of Defendant PHH, intentionally misrepresented the amount of the alleged debt and intentionally misrepresented the acceleration date. Further, Defendant Aldridge Pite misrepresented the nature and character of the debt allegedly owed.

89.

Defendant Aldridge Pite made deceptive misleading representations in correspondence sent to the Plaintiff, including but not limited to, correspondence to Plaintiff stating the Plaintiff was indebted to Defendant Wells Fargo in the amount of eight hundred thirty-six thousand eight hundred eighty-six dollars and 91/100 ($836,886.91). A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Defendant Aldridge Pite used false, deceptive, and misleading means in the collection of a debt, when it represented that Plaintiff owed said amount. Therefore, Defendant Aldridge Pite violated 15 U.S.C. §1692e.

90.

Defendant Aldridge Pite engaged in unfair and unconscionable means to collect a debt when it used fraudulent means to collect a debt barred by the statute of limitations. A debt collector may not use any false, deceptive, or misleading

representation or means in connection with the collection of any debt. Defendant Aldridge Pite violated 15 U.S.C. §1692f.

91.

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt, including but not limited to, the collection of any amount, including any interest, fee, charge, or expense incidental to the principal obligation, unless such amount is expressly authorized by the agreement creating the debt or permitted by law. Defendant Aldridge Pite, on behalf of the other Co-Defendants, sought to collect amounts not authorized by the security agreement. Therefore, Defendant Aldridge Pite violated 15 USC §1692f.

92.

Defendant Aldridge Pite LLP has engaged in an unfair and unconscionable means to collect a debt in violation of 15 U.S.C. 1692f.

93.

Defendant Aldridge Pite used misleading and deceptive means in the collection of a debt in violation of 15 U.S.C. §1692e.

94.

Defendant Aldridge Pite colluded with Defendants Wells Fargo, Ocwen and PHH through a pattern of racketeering activity to deprive the Plaintiff of her property rights in violation of O.C.G.A. §16-14-4.

95.

Defendant failed to validate the debt in violation of 15 U.S.C. 1692g.

96.

Defendant Aldridge Pite caused the Plaintiff to experience emotional distress.

## VIII.  **PRAYER FOR PUNITIVE DAMAGES**

97.

Defendants engaged in behavior designed to unfairly deprive the Plaintiff of property rights through acts of misrepresentation which evidence a conscious disregard for the consequences. Therefore, punitive damages should be awarded of an amount sufficient to deter the Defendants from such behavior in the future.

## IX.   **PRAYER FOR TREBLE DAMAGES**

98.

Where Defendants are found to have engaged in conduct in violation of O.C.G.A.§ 16-14-4 treble damages should be assessed against the Defendants.

## XI.   **PRAYER FOR DECLARATORY RELIEF & DAMAGES**

Declaratory relief is appropriate when it is necessary to "protect the plaintiff from uncertainty and insecurity with regard to the propriety of some future act or conduct." Declaratory relief is necessary in this case to determine the respective rights of the Plaintiff and Defendant Wells Fargo where the statute of limitation has run on the underlying debt.

Therefore, Plaintiff requests the following relief:

a.   Plaintiff requests that this Court make a declaration regarding whether collection of the note is barred by the statute of limitations;

b.   Plaintiff requests that the Court make a declaration of Wells Fargo's rights in the subject property, where there is no collectible debt;

c.   Plaintiff requests that this Court make a declaration as to whether Defendant Wells Fargo obtained a security interest in the subject property after the note was in default;

d.   Plaintiff requests that the court make a declaration as to whether Wells Fargo, in the event of a public sale, should retain any proceeds from the sale of the property, where there is no underlying debt;

e.   Find that Defendants engaged in acts prohibited by O.C.G.A. §16-14-4 where it is found that fraudulent charges have been billed to the mortgage account;

f.  Find that Defendants violated 12 CFR 1024;

g.  Find that punitive damages are warranted where the Defendants committed acts that evidence a conscious disregard for the consequences;

h.  Declare that Defendants violated provisions of the Fair Debt Collection Practices Act;

i.  That Plaintiff be awarded damages and costs;

j.  That a trial by jury be had on these matters; and

k.  Any other relief the Court deems just and appropriate.

Respectfully submitted this 5th day of April 2021.

> */S/ Kimelyn A. Minnifield*
> Kimelyn A. Minnifield
> Georgia Bar No. 002585
> kminnifield@minnifieldlawgroup.com
> 260 Legends Trace
> McDonough, GA 30253
> 404.975.8572 (c)
> 417.370. 9599 (o)

<u>CERTIFICATE OF FONT COMPLIANCE</u>

I hereby certify that the foregoing has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1, Northern District of Georgia, specifically Times New Roman 14 point.

/s/ KIMELYN A. MINNIFIELD

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served a copy of PLAINTIFF'S AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES with the Clerk of Court and upon all counsel of record by utilizing the CM/ECF as follows:

Timothy J. Bado, Esq.
tim.bado@troutman.com
Mark J. Windham, Esq.
mark.windham@troutman.com
TROUTMAN PEPPER HAMILTON SANDERS LLP
3000 Bank of America Plaza
600 Peachtree Street, N. E.
Atlanta, GA 30308-2216
Counsel for Defendants PHH Mortgage Corporation,
Ocwen Loan Servicing, LLC and Wells Fargo Bank, N.A., as Trustee for the
Pooling and Servicing Agreement dated as of May 1, 2005 Asset Backed Pass-
Through Certificates, Series 2005-WHQ3

Dallas R. Ivey, Esq.
divey@aldridgepite.com
Aldridge Pite LLP
Fifteen Piedmont Center
3575 Piedmont Road, STE. 500
Atlanta, GA
Counsel for Defendant Aldridge Pite LLP

Dated: April 5, 2021                                    /s/ KIMELYN A. MINNIFIELD