IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KIMELYN A. MINNIFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., *as Trustee for the Pooling and Servicing Agreement dated as of May 1, 2015 Asset Backed Pass-Through Certificates, Series 2005-WHQ3*;<br>PHH MORTGAGE CORPORATION;<br>ALDRIDGE PITE LLP; and<br>OCWEN LOAN SERVICING, INC.,<br><br>    Defendants. | CIVIL ACTION FILE NO.:<br><br>1:21-cv-801-TWT-JKL |

## FINAL REPORT AND RECOMMENDATION

Plaintiff Kimelyn A. Minnifield, a licensed attorney proceeding *pro se*, defaulted on her residential mortgage in 2007. In the more than a decade since, she has never sought to become current on her mortgage payments, and has instead filed numerous state and federal lawsuits and bankruptcy proceedings to stave off foreclosure.[1] All of these cases—at least those brought to this Court's attention—

---

[1] The Eleventh Circuit summarized some of her litigation history in *Minnifield v. Wells Fargo Bank, N.A., et al.*, 786 F. App'x 979, 980-81 (11th Cir. 2019).

have been dismissed before trial for lack of facts or law to support Minnifield's claims. In this, her latest lawsuit after nonjudicial foreclosure proceedings have been commenced,[2] she alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA") by attempting to collect on mortgage loan, which she contends is now time-barred under Georgia law as a result of the loan's acceleration (and Defendants' failure to foreclose in the face of her ceaseless litigation) more than six years ago. [Doc. 1.] She also seeks a declaratory judgment that none of the Defendants can collect on the note for the same reason. Finally, Minnifield asserts that Defendants have engaged in a conspiracy under Georgia racketeering law to deprive her of her property (even though she has refused to pay the promissory note associated with it). [*Id.*]

The case is presently before the Court on motions to dismiss filed by Defendants PHH Mortgage Corporation ("PHH"), Ocwen Loan Servicing LLC ("Ocwen"), and Wells Fargo Bank, N.A., as Trustee for the Pooling and Servicing Agreement dated as of May 1, 2005 Asset Banked Pass-Through Certificates, Series 2005-WHQ3 ("Wells Fargo") (collectively, the "Bank Defendants"); and by

---

[2] At the time Minnifield filed this action, the property had been scheduled for nonjudicial foreclosure three business days later. [Doc. 12 ¶ 12.]

Defendant Aldridge Pite LLP ("Aldridge Pite") [Docs. 15, 16]. For the reasons that follow, it is **RECOMMENDED** that the motions be **GRANTED** as to Minnifield's FDCPA claims, which are the sole federal claims in this case. It is **FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Minnifield's remaining state law claims and that those claims be **DISMISSED WITHOUT PREJUDICE**.

I.     BACKGROUND

According to her amended complaint,[3] in 2005, Minnifield obtained a residential mortgage loan from Agent Mortgage Company in the principal amount of $372,000, secured by real property located at 260 Legends Trace, McDonough, Georgia. [Doc. 12 ¶¶ 8, 16.] In 2007, she defaulted on the loan. [*Id.* ¶ 9.] Following default, Wells Fargo obtained an interest in the property, and in 2009, it accelerated the mortgage and commenced nonjudicial foreclosure proceedings. [*Id.* ¶¶ 9-10, 18.] After years of litigation, Wells Fargo retained the law firm Aldridge Pite to foreclose on the property, which scheduled the foreclosure sale for

---

[3] In response to defendants' first set of arguments for dismissal [*see* Doc. 8], Minnifield filed an amended complaint as a matter of right with only superficial changes to the original and did not address the deficiencies identified in the initial motion to dismiss [Doc. 12].

March 2, 2021.[4]  [*Id.* ¶¶ 11-12.] [*Id.* ¶ 12.] PHH is the current servicer of the loan.[5] [*Id.* ¶ 13.]

In January 2021, Aldridge Pite wrote Minnifield, informing her that the amount owed on the debt was $836,886.91, which included "payments, late charges, inspection fees and other charges through 2021." [Doc. 12 ¶ 16.] Aldridge Pite also notified Minnifield that the debt had been accelerated and that a foreclosure sale was scheduled for March 2, 2021. [*Id.* ¶ 17.] Within thirty days of receiving the letter, Minnifield demanded that Aldridge Pite "validate the debt." [*Id.* ¶ 17.] As of April 5, 2021, the date of the amended complaint, Aldridge Pite had not done so. [*Id.*]

Minnifield alleges that when Wells Fargo accelerated the loan in 2009, it "relinquished the contractual right to future mortgage payments and future interest beyond the date of acceleration," and, thus, the outstanding amount that she owes "must be calculated from the date that Defendant Wells Fargo initially accelerated the loan" in 2009. [Doc. 12 ¶¶ 18-19.] According to Minnifield, to obtain the

---

[4] It appears that the sale did not go forward on March 2, 2021, presumably because of this lawsuit.

[5] PHH succeeded Ocwen as the loan servicer in October 2018, when the former purchased Ocwen. [*Id.* ¶¶ 14, 15.]

approximately $837,000 amount owed to Wells Fargo, Defendants used a "fraudulent acceleration date" and each of the Defendants, "directly, or through their respective agents have sent correspondence to [her] making said fraudulent representations." [*Id.* ¶ 20.] She contends that each of the Defendants misrepresented the date of acceleration and used that date to charge her "hundreds of thousands of dollars in unwarranted payments, interest, and fees." [*Id.* ¶ 25; *see also id.* ¶¶ 26-27.] And she finally asserts that "the underlying note is time barred by the applicable statute of limitations" and that "Defendant Wells Fargo only has an alleged interest in the property." [*Id.* ¶ 21.]

Minnifield also sets forth a parade of mortgage-related charges she would like to dispute. She contends that the Bank Defendants added "fraudulent charges" to the account, including a property preservation maintenance fee of $450 and a publication fee of $1,081. [*Id.* ¶ 22.] She alleges that they added charges for property inspections, which "upon information and belief" did not occur because the property is located in a gated community and only residents and others with "pre-authorized entry" are allowed to enter. [*Id.* ¶¶ 23-24.] And she generally questions the validity of "multiple payments, interest, and expenses" on the account because she "contends if actual services were performed." [*Id.*]

5

As to Aldridge Pite, she alleges that in its correspondence to her, it misrepresented the nature and character of the debt owed to Wells Fargo and that it was aware that the any action to collect on the debt was time-barred. [Doc. 12 ¶ 28.]

Minnifield finally asserts that Defendants have colluded to use the nonjudicial foreclosure process to charge fees and payments and "to induce [her] to believe [she] owed Wells Fargo over eight hundred thousand dollars" and the "right to collect the subject note." [Doc. 12 ¶¶ 29-32.]

Minnifield's amended complaint does not organize her claims by count, making it difficult to ascertain precisely what claims she actually intends to assert against which defendant. But everyone, including Minnifield, agrees that her amended complaint attempts to assert claims for violations of provisions of the FDCPA. First, Minnifield alleges that Wells Fargo, PHH, and Aldridge Pite are "debt collectors" under the FDCPA; and that they allegedly used "unfair and unconscionable means" and/or "misleading and deceptive means" to collect a debt in violation of 15 U.S.C. §§ 1692e and 1692f. [Doc. 12 ¶¶ 34-37, 38, 45-46, 56,

66-67, 83, 92-93.[6]]  Second, she alleges that Aldridge Pite failed to validate the debt in violation of 15 U.S.C. § 1692g.  [*Id.* ¶ 95.]  Separately, she also appears to assert a number of state law claims for relief:  conspiracy or racketeering in violation of O.C.G.A. § 16-14-4 against each of the Defendants for colluding with one another to "add fraudulent charges to the mortgage account" and/or "deprive [her] of her property rights" [*id.* ¶¶ 53, 71, 80, 94]; a declaratory judgment that any efforts to collect on the note are time-barred under Georgia's six-year statute of limitations [*id.* at § XI(a)]; and treble and punitive damages under O.C.G.A. § 16-14-4 [*Id.* ¶¶ 97, 98].

Minnifield initially filed this action on February 25, 2021.  [Doc. 1.]  The Bank Defendants moved to dismiss the case for failure to state a claim upon which relief can be granted.  [Doc. 8.]  In lieu of responding to the motion to dismiss, Minnifield filed an amended complaint on April 4, 2021.  [Doc. 12.][7]

---

[6] The Court pauses to note that Minnifield does not make a similar allegation against Ocwen.  Though she alleges generally that Ocwen is a "debt collector" [Doc. 12 ¶ 74], she does not explicitly allege that it violated the FDCPA [*see id.* ¶¶ 73-82].  Thus, it does not appear that Minnifield even asserts an FDCPA claim against Ocwen.  But even if she does, the claim fails for the reasons discussed below.

[7] The filing of the amended complaint rendered the Bank Defendants' initial motion to dismiss moot.  *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th

On April 16, 2021, the Bank Defendants moved to dismiss the amended complaint. [Doc. 15.] On April 27, 2021, Aldridge Pite filed its motion to dismiss the amended complaint. [Doc. 16.] Minnifield has responded to each of those motions [Docs. 18, 19], and Defendants have filed replies [Docs. 20, 21]. The motions are therefore ripe for review.

## II. APPLICABLE STANDARD

In evaluating a Rule 12(b)(6) motion to dismiss, a court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint need not provide "detailed factual allegations," but it must provide factual allegations sufficient to set forth the plaintiff's entitlement to relief. *Twombly*, 550 U.S. at 555. Providing only "labels and conclusions" is insufficient, "and a formulaic recitation of the elements of a cause of action will not do." *Id.*

---

Cir. 2007) ("[A]n amended complaint supersedes the initial complaint and becomes the operative pleading in the case."); *Wilmington Sav. Fund Soc'y, FSB v. Good Samaritan Fund, Inc.*, No. 2:15-cv-211-WCO-JCF, 2016 WL 6540456, at *1 (N.D. Ga. Apr. 15, 2016) ("Plaintiff's amended complaint supersedes the original complaint and becomes the operative complaint, thereby rendering Defendant['s] motion to dismiss moot."). Accordingly, the Bank Defendants' initial motion to dismiss is **DEEMED MOOT**. [Doc. 8.]

The Court is not required to accept as true legal conclusions couched as factual statements.  *Iqbal*, 556 U.S. at 678.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not [shown]—'that the pleader is entitled to relief.'"  *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Furthermore, if assuming the truth of the factual allegations of the amended complaint, there is a dispositive legal issue that precludes relief or if it is based on a meritless legal theory, dismissal is warranted.  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *see also Brown v. Crawford Cnty., Ga.*, 960 F.2d 1002, 1010 (11th Cir. 1992).

### III.   DISCUSSION

Because Minnifield has premised jurisdiction on her FDCPA claims, the Court addresses them first.

#### A.   FDCPA

Congress enacted the FDCPA "to eliminate abusive debt collection practices."  *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576 (2010).  To prevail on an FDCPA claim, a plaintiff must prove that (1) she has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA.  *Frazier v. Absolute*

9

*Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011), *report and recommendation adopted*, *id.* at 1359.

The FDCPA defines a "debt collector" as:

[1] any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or [2] who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692a(6); *Davidson v. Capital One Bank (USA), N.A*., 797 F.3d 1309, 1313 (11th Cir. 2015). Generally speaking, a "creditor"[8] is not subject to the FDCPA. But if in collecting its own debts, a creditor "uses any name other than [its] own which would indicate that a third person is collecting or attempting to collect such debts," and the creditor otherwise meets the statutory definition of a debt collector, then it nonetheless qualifies as a "debt collector" under 15 U.S.C. § 1692a(6). *See Davidson*, 797 F.3d at 1313-14.

Separately from creditors, the FDCPA also excludes from the definition of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns

---

[8] The FDCPA defines a "creditor" to mean "any person who offers or extends credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4).

a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii). "But that does not mean that a [creditor or mortgage servicer] who is collecting a debt that was in default at the time it obtained the debt is a 'debt collector' if the plaintiff fails to show that the definition of 'debt collector' set forth in § 1692a is met, *i.e.*, that the 'principal purpose' of the creditor or servicer 'is the collection of any debts' or 'the enforcement of security interests,' or that it 'regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owe or due another.'" *Pignato v. PHH Mortg. Corp.*, No. 2:19-CV-261-SCJ-JCF, 2020 WL 7382307, at *7 (N.D. Ga. Apr. 17, 2020) (quoting 15 U.S.C. § 1692a(6)), *report and recommendation adopted*, 2020 WL 7382322 (N.D. Ga. July 13, 2020). "In contrast to the exclusion at § 1692a(6)(F)(iii), the statutory definition of 'debt collector' applies without regard to the default status of the underlying debt.'" *Id.* (quoting *Davidson*, 797 F.3d at 1314) (cleaned up).

The Bank Defendants and Aldridge Pite advance several arguments as to why Minnifield's FDCPA claims fail, not the least of which is that she has not sufficiently alleged that any of them is as "debt collector" under the Act. [Doc. 15-1 at 17-18; Doc. 16-1 at 6-9.] Minnifield counters that Wells Fargo is a debt

collector because it was assigned a security interest in the property after the loan was in default; that PHH and Ocwen are as well because they obtained the right to service the loan after the loan was in default; and that Aldridge Pite is because it "regularly collects or attempts to collect debts owed to other parties." [Doc. 18 at 10-13; Doc. 19 at 11.] As it has been with her prior cases involving this property and mortgage, Defendants have the better of the arguments.

Turning first to the allegations against the Bank Defendants, the Eleventh Circuit's decision in *Davidson* forecloses Minnifield's argument that they are debt collectors simply because they obtained or started servicing the loan after it was already in default. [Doc. 18 at 10-12.] In *Davidson*, the Eleventh Circuit held that an entity does not become a "debt collector" by acquiring a defaulted debt and then attempting to collect on it; rather, the plaintiff must still show that the creditor otherwise meets the definition of a debt collector—including, either that (1) it uses an instrumentality of interstate commerce or the mail in operating a business that has the principal purpose of collecting debts or (2) it regularly attempts to collect debts owed or due another. *Davidson*, 797 F.3d at 1315-16 ("[A] person who does not otherwise meet the requirements of § 1692a(6) is not a 'debt collector' under the FDCPA, even where the consumer's debt was in default at the time the person

acquired it."). Since Minnifield has failed to allege facts to establish that they met either prong of the statutory definition of a debt collector, it is immaterial whether the debt was in default when Wells Fargo obtained a security interest in the property or when either PHH or Ocwen started servicing the loan. Accordingly, her FDCPA claims against the Bank Defendants fail.[9]

As to Aldridge Pite, Minnifield alleges only that it is a debt collector under the FDCPA because it "routinely engages in the collection of consumer debt under the name of Aldridge Pite Haan LLP." [Doc. 12 ¶ 83.] This threadbare allegation—which essentially parrots part of the statutory definition of "debt collector"—alleges no factual content to support Minnifield's conclusory assertion about Aldridge Pite's status under the FDCPA. This is insufficient to maintain a

---

[9] Inexplicably, Minnifield ignores *Davidson*, which is binding authority. Instead, she cites a Fifth Circuit opinion, *Perry v. Stewart Title Co.*, 756 F.2d 1197 (5th Cir. 1985), and two reports and recommendations from this district, *Bohannon v. PHH Mortg. Corp.*, No. 1:15-CV-4312-CAP-JKL, 2017 WL 6617054 (N.D. Ga. July 20, 2017), and *Finley v. Wachovia/Wells Fargo, FSB*, No. 1:10-CV-2750-TCB-JFK, 2011 WL 13318762 (N.D. Ga. Apr. 25, 2011), for the proposition that the Bank Defendants are debt collectors simply because her loan was in default at the time they either acquired or started servicing it. [Doc. 18 at 11-13.] Not only are those cases not binding authority, they also do not support the proposition for which Minnifield cites them. In each of those cases, the defendant came to obtain an interest in or to service the mortgage prior to default and, thus, those courts were not presented with the factual circumstances in this case. *See Perry*, 756 F.2d at 1208; *Bohannon*, 2017 WL 6617054, at *3; *Finley*, 2011 WL 13318762, at *7.

claim. *See Davidson*, 797 F.3d at 1317-18 (holding that lack of factual allegations that the "principal purpose" of bank's business is debt collection or that it regularly collects on debts owed or due another at the time of collection dooms an FDCPA claim); *see White v. Bank of Am. Bank, NA*, 597 F. App'x 1015, 1020 (11th Cir. 2014) (finding plaintiffs did not plausibly allege that defendant violated the FDCPA where they "alleged no facts, only a conclusory assertion that [defendant] 'regularly attempt[ed] to collect debts'"); c*f. Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1218 (11th Cir. 2012) (finding allegation that law firm was "engaged in the business of collecting debts owed to others incurred for personal, family[,] or household purposes[ ]," when combined with further allegations that in the prior year, the firm had sent more than 500 people "dunning notice[s]" containing "the same or substantially similar language" to that found in the letter and documents attached to the complaint, contained enough factual content that the law firm was a "debt collector" to sustain a claim).

"To state a claim to relief that is plausible, the plaintiff must plead factual content that 'allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Beckles v. Aldridge Connors*, *LLP*, No. 1:12-cv-377-JEC-WEJ, 2013 WL 5355481, at *6 (N.D. Ga. Feb. 27, 2013), *report and*

*recommendation adopted*, 2013 WL 5354240 (N.D. Ga. Sept. 24, 2013) (quoting *Iqbal*, 556 U.S. at 678). "Plausibility requires more than a sheer possibility that a defendant has acted unlawfully, and a complaint that alleges facts that are merely consistent with liability stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quotation marks omitted) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 557). Because the amended complaint is devoid of factual content showing regular activity by Aldridge Pite involving the collection of debt "owed or due another at the time of collection," Minnifield has not sufficiently alleged that it qualifies as a debt collector, and her claim against it fails as well. *Davidson*, 797 F.3d at 1318; *see also Anderman v. JP Morgan Chase Bank, Nat'l Ass'n*, 803 F. App'x 290, 293 (11th Cir. 2020) (finding that simply restating the statutory definition of "debt collector" was too conclusory to sufficiently allege that defendants qualified as debt collectors under the FDCPA); *Thomas v. U.S. Bank Nat'l Ass'n*, 675 F. App'x 892, 898 (11th Cir. 2017) (finding that "bare legal conclusion that [the defendants] qualify as 'debt collectors'" under the FDCPA was insufficient). Moreover, to the extent that Minnifield asserts that Aldridge Pite is a debt collector because it uses a name other than its own to collect

debts, her argument fails because she has not shown that it meets the statutory definition of debt collector in the first place.

Since Minnifield has not pled facts that plausibly suggest that any of the Defendants qualifies as a "debt collector" under the FDCPA, she has failed to state a plausible claim for relief under the FDCPA.[10] Accordingly, it is **RECOMMENDED** that the motions to dismiss be **GRANTED** as to Minnifield's FDCPA claims.[11]

---

[10] Minnifield's failure to adequately allege that any of the Defendants are debt collectors is dispositive; thus, the Court need not, and does not, address Defendants' other arguments for dismissing the FDCPA claims.

[11] In paragraph 68 of her amended complaint, Minnifield alleges that PHH "failed to have adequate procedures in place to ensure that it provided accurate information on the mortgage account, in violation of 12 CFR 1024" (regulations implementing the Real Estate Settlement Procedures Act ("RESPA")) and that PHH "provided inaccurate and fraudulent information regarding the mortgage account to Plaintiff." [Doc. 12 ¶ 68.] The Bank Defendants argue that to the extent Minnifield attempts to bring a claim for violation of the RESPA regulations, the claim fails because it is unclear what regulatory provision she contends PHH violated and because she has not pleaded specific facts to support such a claim. [Doc. 15-1 at 14 n.10.] Minnifield does not respond to this argument. Because Minnifield is a licensed attorney the Court need not liberally construe her pleadings, *see Hornsby-Culpepper v. Ware,* 906 F.3d 1302, 1306 n.1 (11th Cir. 2018), and, thus, the Court may deem the claim (to the extent it was even asserted) abandoned and dismiss it on that basis, *see Williams v. City of Atlanta*, No. 1:15-CV-2342-ELR-LTW, 2016 WL 10587118, at *2 (N.D. Ga. July 27, 2016) ("When an argument is raised upon a motion to dismiss that a claim is subject to dismissal, and the non-moving party fails to respond to such an argument, or affirmatively

## B. Remaining State Law Claims

With Minnifield's FDCPA claims disposed of, there are no federal claims remaining in this action over which this Court would have original jurisdiction. When a court has dismissed all claims over which it has original jurisdiction, the court may, in its discretion, decline to exercise supplemental jurisdiction over remaining state law claims.[12]  28 U.S.C. § 1367(c)(3).  And when the federal claims

---

agrees, such claims are deemed abandoned and subject to dismissal.") (citations omitted).

Even so, as best the Court can tell, it appears that Minnifield is attempting to assert that PHH violated 20 C.F.R. § 1024.38(a), which requires servicers to "maintain policies and procedures that are reasonably designed to achieve" regulatory objectives of providing accurate and timely information to borrowers relating the loan.  Section 1024.38(a), however, does not create a private right of action.  *See Estate of Brantner v. Ocwen Loan Servicing, LLC*, No. C17-582 TSZ, 2021 WL 3053055, at *3 (W.D. Wash. July 20, 2021); *Carter v. CrossCountry Mortg., Inc.*, No. 18-12714, 2019 WL 3958275, at *5 (E.D. Mich. Aug. 21, 2019); *Mastin v. Ditech Fin., LLC*, No. 3:17CV368, 2018 WL 524871, at *6 (E.D. Va. Jan. 23, 2018).  Accordingly, to the degree that Minnifield's amended complaint can be read to assert a claim that PHH (or any other Defendant) violated 20 C.F.R. § 1024.38(a), the claim fails as a matter of law and provides no basis for federal question jurisdiction.

[12] Minnifield alleges only that this Court has federal question jurisdiction over the federal claims and supplemental jurisdiction over the state law claims. [Doc. 12 ¶ 6.]  She does not contend or allege facts that plausibly show that this Court has diversity jurisdiction.  Indeed, it is highly unlikely that she could show complete diversity, since it appears that she is a resident of Georgia and that Aldridge Pite is a Georgia-based law firm whose partners certainly include Georgia residents.  [*See id.* ¶¶ 4-5.]  *See also Rolling Greens MHP, L.P. v. Comcast SCH*

are dismissed before trial, dismissal of state law claims is "strongly encouraged." *Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). In deciding whether to exercise its discretion to hear state law claims, courts should consider "judicial economy, convenience, fairness, and comity." *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir. 2002). "Both comity and economy are served when issues of state law are resolved by state courts." *Id*. As the Eleventh Circuit has emphasized, "[s]tate courts, not federal courts, should be the final arbiters of state law." *Ingram v. Sch. Bd. of Miami-Dade Cnty.*, 167 F. App'x 107, 108 (11th Cir. 2006) (quoting *Baggett,* 117 F.3d at 1353).

Considering these factors, the Court should decline to exercise supplemental jurisdiction over the remaining claims in this case. The factors of judicial economy and comity strongly counsel in favor of the state law claims being resolved in the

---

*Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004) ("[F]or purposes of diversity of citizenship, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens.") (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)). Since Minnifield has not demonstrated that she and Defendants are completely diverse, the Court lacks diversity jurisdiction. *Flintlock Constr. Servs., LLC v. Well-Come Holdings, LLC,* 710 F.3d 1221, 1224 (11th Cir. 2013) ("Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." (citation omitted)).

state courts that have experience and expertise in resolving such claims. Also, given the early posture of the case, the parties have not devoted substantial resources to litigating the case in federal court, and would not be inconvenienced by having to do so in state court. Minnifield is also admitted to practice law in Georgia, Aldridge Pite is a law firm located in Georgia, and the Bank Defendants are represented by Georgia counsel; thus, it is highly unlikely that a state court forum would be inconvenient for any party. Thus, it is **RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Minnifield's remaining claims and that the claims be **DISMISSED** without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that the Bank Defendants' motion to dismiss to initial complaint [Doc. 8] be **DENIED AS MOOT** and that the Defendants' motions to dismiss the amended complaint [Docs. 15, 16] be **GRANTED**.

IT IS SO RECOMMENDED this 4th day of August, 2021.

_____
JOHN K. LARKINS III
United States Magistrate Judge